## COMPETENCY OF EXCLAMATIONS BY WITNESSES JUST BEFORE THE ACCIDENT.

### Common Pleas Court of Franklin county.

WILLARD WILLIAMSON, BY ELSIE WILLIAMSON, HIS NEXT FRIEND
v. JACOB S. SHOBE.

#### Decided March 25, 1923.

*Evidence—Res Gestae in an Action Growing Out of a Collision Between Automobiles—Exclamations of Bystanders as to Speed of Car.*

Exclamations of witnesses as to the great speed of a car, which they saw approaching and which two or three seconds later was in collision, are part of the *res gestae* and are competent as evidence in an action against the driver of the car for damages.

*Carl H. Valentine,* Attorney for Plaintiff.

*Charles E. Belcher* and *John Morrissey,* Attorneys for Defendant.

SOWERS, J.

This case is before the court upon plaintiff's motion for a new trial.

Counsel for plaintiff urges two grounds in his argument for a new trial, namely, misconduct of counsel and the admission of evidence. The court is of the opinion that while counsel's arguments were aside from the record it was not of such a character upon which prejudicial error can be predicated.

The second ground presents a somewhat difficult and in fact a very interesting question. The testimony complained of is that of three by-standers who exclaimed, "Just look at that car coming"; "That machine is going some"; and "My. How that car is going." The witness who testified to the first exclamation, a Mrs. Randall, also stated that the automobile was going a distance of approximately 50 feet every second. None of these by-standes saw the accident and were located from 200 to 400 feet from the scene of the collision, in time, from four to eight seconds. Psychologists inform us that it requires about two seconds for the transmission of an impression to the brain and to communicate such impression. Deducting two seconds from the above time it leaves two to six seconds from the time of the exclamation until the clash of the automobiles.

This is only important as reflecting upon the question of whether or not these exclamations are a part of the res gestae, for upon this theory only are they admissible. The literal translation of res gestae is "things done," a more liberal interpretation is "the facts of a transaction." One of the issues in the case was the rate of speed of plaintiff's car and the jury manifestly found that it was excessive, or more than twenty miles per hour as allowed by law. One of the incidents and no doubt causes of the accident, was the excessive speed of the automobiles, both parties alleging that the other was travelling at an excessive rate of speed. Upon this issue the jury found in favor of the defendant. Speed was the proximate cause of the collision and anything that is contemporoneous with or illustrates the character of this element of the accident is a part of the res gesta, whether it occurred a moment before or a moment after the accident. Res gestae has been defined as follows:

"Greenleaf says that 'the affairs of men consist of a complication of circumstances so intimately interwoven as to be hardly separable from each other. Each owes its birth to some preceding circumstance, and in its turn becomes the prolific parent of others; and each during its existence has its inseparable attributes, and its kindred facts materially affecting its character, and essential to be known in order to a right understanding of its nature. These surrounding circumstances, constituting parts of the res gestae, may always be shown to the jury, along with the principal fact; and their admissibility is determined by the judge, according to the degree of their relation to that fact, and in the exercise of his sound discretion; it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description.' Wharton defines res gestae as 'those circumstances which are the undersigned incidents of a particular litigated act, and which are admissible when illustrative of such act. These incidents may be separated from the act by a lapse of time more or less appreciable. They may consist of speeches of anyone concerned, whether participant or bystander; they may comprise things left undone as well as things done. Their sole distinguishing feature is, that they should be the necessary incidents of the litigated acts; necessary in this sense, that they are part of the immediate preparations for or emanations of, such act, and are not produced by the calculated policy of the actors. In other words, they must stand in immediate causal relation to the act—a

relation not broken by the interposition of voluntary individual
that are thus immediately and unconsciously associated with
wariness, seeking to manufacture evidence for itself. Incidents
an act, whether such incidents are doings or declarations,
become in this way evidence of the character of the act.'
The idea of the *res gestae* presupposes a main fact or principal
transaction, and the *res gestae* mean the circumstances, facts,
and declarations which grow out of the main fact, are con-
temporaneous with it, and serve to illustrate its character."
*Jones on Evidence*, Vol. 2, Section 344.

While exclamations in the case at bar do not relate directly
to the collision, they do exemplify one of its causes at the
preceding moment which was an outstanding factor in the
litigated act. They were the declarations of bystanders made
in a state of nervous excitement and were made spontaneously
without any calculated policy or forethought on the part of
the actors. They were the unconscious manifestations of a
conscious impression which related directly to the final action
of the parties immediately before the collision of the automo-
biles occurred. Those things which transpired a moment be-
fore, at the time of, and after the collision, are all a part of
the *res gestae,* and they all tend to show the cause and the
result of the main litigated act or acts of the parties which
bear directly upon an important issue in the case, namely,
the negligence of the party or parties.

This certainly is the proper interpretation of the courts'
language in *State* v. *Lasecki,* 90 O. S., p. 10, where the court
say in the syllabus:

"2. The exclamation of a boy four years of age says that 'the
bums killed pa with a broomstick,' which was made from
ten to thirty seconds after a fatal assault upon his father,
made in the boy's presence, is competent evidence to go to
the jury as explanatory and illustrative of the manner and
means by which the father was assaulted. The utterance
of the boy under such circumstances, made at the earliest op-
portunity to make an outcry in the presence and hearing of
others, was the spontaneous and impulsive language of the
situation, free from any subterfuge, artifice or motive to
fabricate. Its weight, however, is purely a question for the
jury.

"3. The doctrine of *res gestae,* as applied to exclamations,
should have its limits determined, not by the strict meaning
of the word 'contemporaneous,' but rather by the causal, logi-

cal or phychological relation of such exclamations with the primary facts in controversy.''

Judge Wanamaker in the opinion of the court at page 15 quotes with approval *Bishop's Criminal Procedure,* as follows:

''But it is, at least, the better doctrine that they are competent whenever near enough to the act either before or after it, to be probably prompted by the same motive, not an afterthought, and apparently to constitute of it a part; otherwise they are not competent.''

Again on page 26, Judge Wanamaker uses this language:

''We believe, however, that the demands of justice, as well as the probative force and effect of such exclamations made where there is a maximum probability as to their truth and a minimum possibility of artifice or fabrication by reason of their being the natural, spontaneous and, sometimes, as in this case, the necessary language of a child require that the old rule should be relaxed and liberalized so as to meet the naturalness and necessities of the case, as well as to put the jury and court in possession of all the facts, circumstances and environment immediately before and after the principal fact in controversy.''

The above was a criminal case, and the exclamation of a boy, four years old made about thirty seconds after the tragedy, was admitted as the spontaneous and impulsive language of the situation. Suppose the exclamation of Mrs. Randall ''Just look at that car coming,'' would have been made two seconds after the accident instead of two seconds before the accident, under the above authority, it would be clearly admissible, and reasoning by analogy and as Judge Wanamaker so states the rule, it would be admissible under the rule laid down by the court in that case. Is it any less a part of the *res gestae* when the exclamation is made two seconds before? The court is of the opinion that the one is as much a part of the *res gestae* as the other. The only difference might have been in the form of language used in the exclamation. But its relationship to the litigated act would have been the same.

The conclusion of the court is that the exclamations were parts of the *res gestae* and as such were properly admitted in evidence.

The motion for a new trial is overruled.